377 P.2d 526

**STATE BAR OF NEW MEXICO, Petitioner,**

v.

**Michael S. MULDAVIN, Respondent.**

No. 6893.

Supreme Court of New Mexico.

Jan. 3, 1963.

Donald B. Moses, Albuquerque, for petitioner.

Traub, Parham & Zuris, Albuquerque, for respondent.

NOBLE, Justice.

We have for consideration a report, the findings, conclusions and recommendation of the Board of Commissioners of the State Bar, referred to it under our Supreme

Court Rule 3(3), in the matter of Michael S. Muldavin, charged with unprofessional conduct.

The accusation was amended at the hearing before the commissioners on April 28, 1960 to charge that Michael S. Muldavin, an attorney authorized to practice in this State, unprofessionally conducted the practice of law by receiving from John Allen Jones, on November 17, 1959, the sum of $3200, being the property of said John Allen Jones, and thereafter commingling the same with his own funds, contrary to the Canons of Professional Ethics of the State of New Mexico. The amendment was made with the consent of the respondent.

■ Respondent appeared in person before the Board of Bar Commissioners and was represented by counsel. While the record does not so reflect, counsel for respondent and the commission agreed, in argument before this court, that respondent tendered his license to the commission for voluntary withdrawal as a member of the State Bar of New Mexico, pursuant to the provisions of Supreme Court Rule 3(6). That rule permits an attorney in good standing to petition this court for voluntary withdrawal as a member of the State Bar and to thereafter be relieved of the payment of dues. Rule 3(6) is not intended to permit voluntary withdrawal of an attorney against whom charges of professional misconduct are pending, or under investigation. The offer was refused by the commission. Thereupon, the respondent entered a plea of guilty to the accusation. The Board of Bar Commissioners thereupon made its findings of fact, conclusions of law, and recommendation to this court in accordance with Supreme Court Rule 3(3).

At oral argument before this court, respondent tendered his license to practice law in this State to the court and requested its acceptance under the provisions of Rule 3.04 of the Rules for Disciplinary Procedure, adopted by this court August 22, 1960, and effective November 1, 1960. That rule provides:

"A lawyer who, pending investigation of misconduct or while charges of misconduct against him are pending, voluntarily surrenders his license to practice law in this state, when such surrender has been accepted by this court, shall not thereafter be admitted to practice law in this state."

■ The rule having been adopted and made effective after the hearing and report of the Board of Commissioners of the State Bar, the commission made no recommendation on the question of accepting such voluntary surrender of respondent's license to practice law. The offer to surrender the license at once presents the question as to whether the above rule can have application to one who was accused of misconduct prior to the effective date of the rule. We think,

under the circumstances here present, the rule is applicable.

Both under Supreme Court Rule 3(3) (§ 21–2–1(3), N.M.S.A.1953) and under the Rules for Disciplinary Procedure adopted August 22, 1960, the members of the Board of Commissioners of the State Bar are appointed referees of this court to hear complaints of unprofessional conduct and to report to this court. Until the accusation has been heard and determined by this court, such charges are pending against the person accused.

■ In any event, since respondent, at the hearing before this court on such charges, offered to surrender his license to practice in this State, and requested that such voluntary surrender of his license be accepted by this court under the provisions of Rule 3.04 of the Rules for Disciplinary Procedure adopted August 22, 1960, he could not thereafter be heard to complain that such rule was inapplicable. See Eads Hide & Wool Co. v. Merrill, 252 F.2d 80 (C.C.A. 10); Morrow v. Morrow, 40 Cal. App.2d 474, 105 P.2d 129; Mursener v. Forte, 186 Or. 253, 205 P.2d 568.

It is ordered, adjudged and decreed that the voluntary surrender of the license of Michael S. Muldavin to practice law in the State of New Mexico be, and the same hereby is accepted.

It is further ordered, adjudged and decreed that the name of Michael S. Muldavin be stricken from the rolls of attorneys of this court, effective as of February 1, 1963, and that said Michael S. Muldavin shall not thereafter be admitted to practice law in this State.

It is further directed that this order be published in the official reports.

COMPTON, C. J., and CARMODY, CHAVEZ and MOISE, JJ., concur.